UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JING ZENG,<br><br>　　　　Defendant. | CASE NO. CR 16-0172 JD<br><br>JOINT STIPULATIONS<br><br>Trial: July 6, 2017<br>Court: Hon. James Donato |

　　　　IT IS HEREBY STIPULATED AND AGREED by the United States, by and through its undersigned counsel, and defendant Jing Zeng, by and through his undersigned counsel, as follows:

　　　　1.　　On November 26, 2014, Zeng executed an agreement with Machine Zone concerning an Apple MacBook Pro laptop, which was loaned by Machine Zone to Zeng during the course of his employment (the "Machine Zone laptop"). Exhibit 1 is a true and accurate copy of Zeng's agreement with Machine Zone concerning the Machine Zone laptop, and is admissible at trial.

　　　　2.　　The Machine Zone laptop was a protected computer within the meaning of 18 U.S.C. § 1030(a)(5)(A) and § 1030(e). The Machine Zone laptop contained software installed by Machine Zone when it was issued to Zeng in November 2014.

　　　　3.　　Exhibit 20 is the Machine Zone laptop. It is admissible at trial for demonstrative purposes.

JOINT STIPULATIONS
16-172 JD

1  4. On July 10, 2015, at approximately noon, Machine Zone terminated Zeng's access to Machine Zone facilities and information systems, including physical entry, email, and remote electronic access. By 2:17 pm on July 10, 2015, Zeng knew his email and company access had been terminated.

5. Exhibit 4 is a true and correct copy of an email Zeng sent to Machine Zone on July 10, 2015, and is admissible at trial.

6. Exhibit 3 is a true and correct copy of correspondence between Machine Zone and Zeng dated July 10, 2015, and is admissible at trial.

7. Zeng returned the Machine Zone laptop to Machine Zone in the late morning on July 15, 2015. Amy Aureus, Senior Human Resource Business Partner at Machine Zone, met Zeng in the lobby and collected the laptop, including a note provided by Zeng with his new password.

8. Zeng was hired by Machine Zone on November 22, 2014, as a Director of Global Infrastructure. Beginning on or about February, 2015, through April, Zeng acted in the capacity of the interim head of Operations; thereafter he reported to JC Chau, the Vice President of Technical Operations.

9. On or about April 21, 2015, Zeng requested and was granted access to Machine Zone's proprietary "Tableau" database. Although Jailing Chen requested that Zeng be granted access to a specific set of workbooks, Zeng was granted access to the "Adhoc" folder which contained Tableau reports beyond the scope of Chen's request.

10. Exhibit 2 is an email chain dated April 21, 2015, regarding Zeng's access to the Tableau database and is admissible at trial.

11. Exhibit 31 is a true and accurate transcription and translation of conversations from July 8, 2015 through July 13, 2015 between Zeng and other individuals using WeChat, a messaging App for mobile telephones, as obtained from Zeng's iPhone telephone, seized by the Federal Bureau of Investigation on August 20, 2015, and is admissible at trial.

12. Exhibit 28 is Zeng's iPhone seized by the FBI, and is admissible at trial for demonstrative purposes.

13. Exhibits 13; 14; 15; and 16 are invoices from Stroz Friedberg to Machine Zone and are admissible at trial.

JOINT STIPULATIONS
16-172 JD

14. Stroz Friedberg prepared reports dated July 22, 2015 (Exhibit 17), August 5, 2015 (Exhibit 18), and August 11, 2015 (Exhibit 19), and an email dated October 15, 2015, are admissible at trial.

15. Exhibits 9 and 10 are logs collected by Machine Zone regarding Zeng's access to the Tableau database, and are admissible at trial.

16. Exhibit 8 and 8A are logs collected by Machine Zone regarding Zeng's access to the Virtual Private Network (VPN), and a summary of those logs, and are admissible at trial.

17. Exhibit 26 are results from a subpoena the FBI served on Comcast, and are admissible at trial.

18. Exhibit 28 is Zeng's personal laptop, which the FBI seized from Zeng during his arrest on August 20, 2015, and is admissible at trial for demonstrative purposes.

19. Exhibit 21 is a document titled "Dracaena Technology Big Data Analytics," which the FBI located on Zeng's laptop as seized during his arrest, and is admissible at trial subject to an objection as to relevance.

20. Exhibit 42 is a document titled "Game of War: Fire Age 1 Q12015 Media Strategy Plan," which the FBI seized from Zeng's home on August 20, 2015, and is admissible at trial subject to an objection as to relevance.

21. Exhibit 25 is a document titled "Peak Hosting," which the FBI seized from Zeng's home on August 20, 2015, and is admissible at trial subject to an objection as to relevance.

STIPULATED AND AGREED:

| FOR THE DEFENDANT: | FOR THE UNITED STATES: |
|---|---|
| *[signature]* | *[signature]* |
| THOMAS F. CARLUCCI<br>JAIME DORENBAUM<br>DENNIS P. RIORDAN<br>Attorneys for the Defendant | JOHN H. HEMANN<br>LAURA VARTAIN HORN<br>JOSEPH E. SPRINGSTEEN<br>Attorneys for the United States |

JOINT STIPULATIONS
16-172 JD